The appeal must, therefore, be dismissed with costs.

---

VACOCU'S WIDOW AND HEIRS *vs.* PAVEE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

The judge who tries the case may certify, that the record contains all the evidence adduced on the trial of the cause, because this is a mode of making a statement of facts.

The clerk is required by law to certify, that the *record contains all the evidence adduced on the trial.* Without this certificate, the Supreme Court cannot examine the case on its merits.

The appellant may obtain further time to perfect his record, if *at the time or before* the argument of the cause he moves the court to this effect. He was allowed until the next term to procure a complete certificate, and in the mean time, the judgment on the appeal was suspended.

In this case, judgment was rendered against the defendant, at the spring term of the Natchitoches district court, 1838, and he appealed to the succeeding term of the Supreme Court, to be holden at Alexandria.

*Brent* and *Winn* moved to dismiss the appeal, on the ground, that the certificate of the clerk was insufficient, as it did not state that the record contained all the evidence *adduced on the trial* in the district court.  3 Louisiana Reports, 295, and other cases were cited.

*Dunbar,* for the defendant, argued, to show that the certi-

68    VOL. XII.

WESTERN DIST.
Oct. 1838.

YACOCU'S
WIDOW ET AL.
*vs.*
PAYEE.

ficate was sufficient, and cited several decisions of this court in support of his position.

2. He moved for further time to have the certificate completed, if it should not be deemed sufficient, and cited Code of Practice, article 898.

*Martin, J.,* delivered the opinion of the court.

The dismissal of the appeal in this case is asked on the ground of the insufficiency of the certificate of the clerk to the record. This document attests, that the transcript contains " all the proceedings had, and all the documents' on file, and also all the evidence taken down in writing on the trial of the cause, wherein, &c., &c., on file and of record in my office."

The appellant's counsel has contended, that the certificate is sufficient, because the presumption is, that every document introduced is filed, and when testimony is taken down in writing, the whole that is offered is so taken ; and he relies on 6 Martin, 722 ; 10 ibid. 433 ; 1 Martin N. S. 590 ; 2 Louisiana Reports, 165, in which this presumption was recognized. All these decisions, except the last, took place before the promulgation of the Code of Practice. In the last, we held it to be sufficient that the judge had certified that the record contained all the *evidence adduced* on the trial of the cause, because this was a mode of making a statement of facts.

The legislature has seen fit to require, that presumption should not be resorted to, in order to ascertain that all the evidence adduced below comes up with the transcript ; for the clerk is directed in the 896th article of the Code of Practice, to certify that the record contains all the *evidence adduced on the trial.* This is very easily done, and it is unpardonable in that officer to send us a certificate which requires to be eked out by presumptions.

The appellant's counsel has sought relief under the 898th article of the Code of Practice, which provides, that " if at the time of argument, or before, the appellant perceives that the record is incomplete, from the clerk having failed to certify the record, as containing *all the evidence produced in the*

*[margin notes:]* The judge who tries the case may certify that the record contains all the evidence adduced on the trial of the cause, because this is a mode of making a statement of facts.

The clerk is required by law, to certify, that the " *record contains all the evidence adduced on the trial.*" Without this certificate, the Supreme Court cannot examine the case on its merits.

The appellant may obtain further time to perfect his record, if *at the time or before* the argument of the cause, he moves the court to this effect. He was allowed until the next term to procure a complete certificate, and in the mean time, the judgment on the appeal was suspended.

*cause*, the court may grant him a reasonable time to correct such error, during which time judgment on the appeal shall be suspended."

The appeal in this case was returned to this term. The appellant was in no *laches* in not moving for relief, for it does not appear that the error came to his knowledge until the case was called; and the circumstance of his having endeavored to show that the certificate was sufficient under the decisions of this court, on which he has relied, ought not to deprive him of the opportunity to place the case fairly before us.

It is, therefore, ordered, that the trial of this cause be postponed, and that the appellant have time to perfect the record, until the next term of this court.